**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

ANTONIO L. MORRIS, #256466,

        Petitioner,

v.                                                       ACTION NO.
                                                              2:05cv265

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

**OPINION AND ORDER**

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court denies Antonio Morris's petition for writ of habeas corpus.

**I. STATEMENT OF THE CASE**

**A. Background**

Petitioner Antonio L. Morris ("Morris") was convicted in the Circuit Court of Fairfax County of two counts of robbery and two counts of use of a firearm and was sentenced on February 2, 1998[1],

---

[1] Respondent's memorandum states Morris was convicted on March 9, 1998; however, that appears to be a typographical error. Morris's habeas petition states he was sentenced on February 2, 1998. Additionally, Respondent's memorandum goes on to state Morris's conviction appeal rights ended when his judgment became final on March 4, 1998,

to a term of forty-eight years imprisonment with twenty-five years suspended.

Morris did not file a direct appeal of his convictions. Morris filed a habeas petition in the Virginia Supreme Court on January 13, 2005 which was dismissed on March 30, 2005.[2]

Morris, presently in the custody of the Virginia Department of Corrections at the Greensville Correctional Center in Jarratt, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 5, 2005. On May 27, 2005, respondent filed a Rule 5 Answer and Motion to Dismiss. Morris filed a response to the Motion to Dismiss on June 15, 2005.

## B. Grounds Alleged

Morris asserts the following entitle him to relief under 28 U.S.C. § 2254:

(a) the trial court abused its discretion by sentencing Morris to a term of imprisonment longer than that recommended under the sentencing guidelines;

(b) Morris's sentence was unconstitutional because it exceeded the sentencing guidelines; and,

(c) Morris's sentence violated the Due Process and Equal Protection Clauses of the U.S. Constitution.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Morris's action here is barred by the statute of limitations. The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d)(1):

A 1-year period of limitations shall apply to an application for a writ

---

thirty days after his sentencing.

[2] The Virginia Supreme Court dismissed the petition on two grounds: timeliness (Va. Code §§ 8.01-654(A)(2)) and as a successive petition the facts of which the petitioner had knowledge at the time of filing any previous petition (8.01-654(B)(2)). The latter grounds are inapplicable here because the earlier habeas petitions brought by Morris were filed in other counties addressing other convictions.

> of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . .

28 U.S.C. § 2244(d)(1)(A) (2000).

Morris was sentenced on February 2, 1998, and did not appeal his convictions. The statutory period of limitations for filing a federal habeas petition began running with the expiration of the time for seeking direct review. See 28 U.S.C. § 2244(d)(1)(A) (2000). Under Rule 5A:6(a) of the Rules of the Virginia Supreme Court, Morris had thirty days from the final judgment in which to file a notice of appeal. Therefore, Morris's judgment became final and the statutory period of limitations for filing his federal habeas petition began running on March 4, 1998.

Under 28 U.S.C. § 2244(d)(2) the statute of limitations clock is paused during the time that a petition for state collateral review is pending. Section 2244(d)(2) provides:

> the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Morris did not file his habeas petition with the Virginia Supreme Court until January 13, 2005, over five years and ten months after his federal statute of limitations had expired on March 4, 1999. Thus, it is unnecessary to consider the tolling effect of a pending state collateral review.

Morris had until approximately March 4, 1999 to file his federal habeas petition. Morris did not sign his petition until April 25, 2005 [3], which was approximately six years and one month after

---

[3] The prison mailbox rule established in Houston v. Lack, 487 U.S. 266 (1988), has not explicitly been extended to applications for collateral review. The Fourth Circuit Court of Appeals has reserved that question. See United States v. Torres, 211 F.3d 836, 837 n.3 (4th Cir.

the statute of limitations deadline. This Court cannot reach the merits of Morris's claims, because the claims are barred by the statute of limitations. Therefore, this Court denies Morris's petition.

### III. ORDER

For the foregoing reasons, it is hereby ORDERED that Morris's petition for writ of habeas corpus be DENIED and DISMISSED and judgment is entered in favor of respondent.

Morris's request for an evidentiary hearing is hereby DENIED.

Morris has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

The Clerk shall mail a copy of this Opinion and Order to Antonio L. Morris and to Eugene P. Murphy, Esq., Assistant Attorney General of Virginia.

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia

August 1, 2005

---

2000). However, the rationale behind the holding in Houston, that prisoners "file" an appeal when they deliver it to prison officials for mailing because a pro se prisoner has no choice but to entrust the forwarding of his documents to prison authorities whom he cannot control and who may have incentive to delay, is an appropriate consideration in petitions for collateral review. For purposes of establishing a filing date for this petition, the court DEEMS the petition to have been filed on April 25, 2005.